TROUTMAN PEPPER HAMILTON SANDERS LLP
Ryan A. Lewis, Bar No. 307253
ryan.lewis@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Facsimile: 415.477.5710

Attorneys for Defendant
WHOLESALE SCREENING SOLUTIONS, LLC
(Erroneously Sued Herein as Wholesale Screening, Inc.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MEGAN RUSH, individually,

Plaintiff(s),

v.

CHECKR, INC., WHOLESALE SCREENING, INC., and DOES 1-10 inclusive,

Defendant(s).

Case No. 3:21-CV-915

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WHOLESALE SCREENING SOLUTIONS, LLC**

[28 U.S.C. §§ 1331, 1441 & 1446]

Complaint Filed: July 8, 2020
1st Amended Complaint Filed: September 8, 2020
Summons/Complaint Served: January 7, 2021
Removal from Superior Court of California, County of San Francisco, Case No.: CGC-20-585331

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF MEGAN RUSH AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Wholesale Screening Solutions, LLC ("WSS")[1] hereby removes the above-entitled action, Case No. CGC-20-585331 from the Superior Court of the State of California, County of San Francisco, to the U.S. District Court for the Northern District of California. This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein. In support of its Notice of Removal, WSS states as follows:

**PLEADINGS, PROCESSES, AND ORDERS**

1. On July 8, 2020, Plaintiff Megan Rush ("Plaintiff") filed a purported Class Action Complaint against Defendant Checkr, Inc. ("Checkr") and WSS (collectively, WSS and Checkr are referred to as "Defendants") in the Superior Court of California, County of San Francisco, entitled *Megan Rush v. Checkr, Inc.*, Case No. CGC-20-585331. On or about September 8, 2020, Plaintiff filed a First Amended Complaint ("FAC") against the same Defendants and similar, putative class action allegations.

2. Plaintiff's FAC alleges four causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against Defendants. Specifically, Plaintiff asserts claims under Sections 1681e(b), 1681k(a)(2) and 1681i.

3. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, notices, and orders served upon Defendants in this action are attached as **Exhibit A**.

4. On January 22, 2021, Plaintiff dismissed Checkr with prejudice from this matter. A copy of the dismissal is included with Exhibit A.

**TIMELINESS OF REMOVAL**

5. On January 7, 2021, Plaintiff purported to serve WSS with a copy of the FAC.

[1] Plaintiff's Complaint incorrectly names WSS as "Wholesale Screening, Inc."

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

6. This Notice of Removal is timely as it is being filed within thirty (30) days after purported service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a)(1)(C); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

**BASIS FOR REMOVAL**

**JURISDICTION**

7. 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's FAC asserts claims under the FCRA, 15 U.S.C. § 1681 *et seq.*, a federal statute.

9. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Specifically, Plaintiff asserts four claims in her FAC. Her first claim is brought under Section 1681e(b) of the FCRA against Checkr. (Exhibit A, FAC, ¶¶ 42-49.) Her second claim is brought under Section 1681k(a)(2) of the FCRA against Checkr. (*Id.* At ¶¶ 50-57.) Her third claim is brought under Section 1681i of the FCRA against Checkr. (*Id.* At ¶¶ 58-63.) Her fourth claim is brought under Section 1681k(a)(2) of the FCRA against WSS. (*Id.* At ¶¶ 58-63.) In light of Plaintiff's dismissal of Checkr, the only remaining claim in the FAC is the fourth cause of action against WSS under Section 1681k(a)(2).

11. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the FAC involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's FAC alleges claims under, and requires a ruling on, the FCRA.

12. In addition to satisfying the requirements of federal question jurisdiction, WSS has

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 3 -

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WHOLESALE SCREENING SOLUTIONS. LLC

met all other requirements for removal. Checkr is no longer a party to the litigation, thus its consent to the removal is not required.

**VENUE**

13. Venue lies in the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of San Francisco, and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

**SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

14. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco as required under 28 U.S.C. § 1446(d).

**RESERVATION OF RIGHTS**

15. By filing this Notice of Removal, WSS does not concede nor waive any defense or motion relating to this action, including (but not limited to) that (i) Plaintiff has agreed to arbitrate the claim asserted in the Complaint on an individual basis; and (ii) Plaintiff lacks standing to bring this action. WSS reserves all defenses relating to the Court's jurisdiction and the justiciability of this action.

WHEREFORE, Wholesale Screening Solutions, LLC respectfully requests that this civil action be removed from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

Dated: February 5, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Ryan A. Lewis*
RYAN A. LEWIS
Attorneys for Defendant Wholesale Screening Solutions, LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**CERTIFICATION AND CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of February 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF and a copy of the foregoing was served via email and overnight mail on the following counsel:

Devin H. Fok
DHF Law
16 N. Marengo Ave. Suite 403
Pasadena, CA 91101
Phone: (888) 651-6411
Email: devin@devinfoklaw.com
Attorneys for Plaintiff
MEGAN RUSH

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Ryan A. Lewis*
RYAN A. LEWIS
Attorneys for Defendant
WHOLESALE SCREENING SOLUTIONS, LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

# Exhibit A

NO SUMMONS ISSUED

Devin Fok (SBN #256599)
devin@devinfoklaw.com
**DHF Law, PC**
16 North Marengo Avenue
Suite 403
Pasadena, CA 91101
Ph: (888) 651-6411
Fax: (818) 484-2023

FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
JUL 08 2020
CLERK OF THE COURT
BY: [signature] Deputy Clerk
ANGELICA SUNGA

Attorneys for Plaintiff

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

MEGAN RUSH, individually,
Plaintiff(s),
vs.
CHECKR, INC.; and DOES 1-10 inclusive,
Defendants.

CASE NO.: CGC-20-585331

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff MEGAN RUSH (hereafter "Plaintiff") files Complaint against Defendants CHECKR, INC., a foreign corporation doing business in California; and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

//

//

BY FAX

## NATURE OF THE ACTION

1. This is an action arising out of an erroneous background check report issued by Defendant causing Plaintiff to lose her employment opportunity.

2. On or about May 23, 2020, Defendant furnished an employment background check report to Plaintiff's prospective employer.

3. The report disclosed a May 7, 2019 misdemeanor theft charge stating that Plaintiff has a warrant for her arrest.

4. In fact, the warrant was recalled on November 12, 2019 and the case was dismissed on the same date.

5. Plaintiff was never prosecuted for the crime.

6. In furnishing its reports, Defendant never obtained criminal history information directly from the courthouse. Rather, it purchased the information second-hand from a criminal records wholesaler called Whole Sale Screening Solutions ("WSS").

7. WSS' records appear to be incomplete and outdated by at least 6 months.

8. Moreover, WSS' own records disclosed that the warrant was not active.

9. Nevertheless, this was never communicated on Defendant's report and that any employer reviewing the report can be misled into believing that there is an active warrant out for Plaintiff's arrest.

10. More egregiously, Checkr ignored Plaintiff's dispute and never issued an updated report. To date, Plaintiff has never been hired her by prospective employer.

11. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681e(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Simply

purchasing second-hand criminal history information which had been outdated by more than 6 months is a clear violation of this statute.

12. In addition, when disclosing criminal records for employment purposes, a background check company is further required to use ***strict procedures*** to ensure that the reported information is complete and up to date.

13. The background check report which fails to disclose the current disposition of "dismissed" is not complete and not up-to-date.

14. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

15. Plaintiff is a resident of the County of Mecklenburg County, Charlotte, North Carolina.

16. Defendant Checkr, Inc. is a Delaware Corporation with its principal of place in San Francisco, California.

17. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

18. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

19. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this complaint,

were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION

**(15 USC §1681e(b) against Defendant Checkr, Inc. and Does 1-10)**

20. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

21. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information that it purchased second-hand from a criminal records wholesale.

22. Defendant's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information is insufficient to ensure maximum possible accuracy of the criminal history information reported.

23. Moreover, Plaintiff is informed, and believes, and thereon alleges that Defendant exclusively purchases criminal history information from WSS for the relevant jurisdiction and that it knew, based on complaints of accuracy of prior consumers that the information sold by WSS was not accurate, complete, or up-to-date.

24. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it purchases from WSS despite numerous complaints.

25. Accordingly, Defendant knew, or had reason to know that WSS' records routinely produce erroneous information. Despite this knowledge, Defendant failed to utilize sufficient procedures to ensure the maximum possible accuracy of the information reported.

26. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

**SECOND CAUSE OF ACTION**

**(15 USC §1681k(a)(2) against Defendant Checkr, Inc. and Does 1-10)**

27. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

28. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information that it purchased second-hand from a criminal records wholesale.

29. Defendant's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information is insufficient to ensure that the reported information is complete and up to date.

30. Moreover, Plaintiff is informed, and believes, and thereon alleges that Defendant exclusively purchases criminal history information from WSS for the relevant jurisdiction and that it knew, based on complaints of accuracy of prior consumers that the information sold by WSS was not accurate, complete, or up-to-date.

31. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it purchases from WSS despite numerous complaints.

32. Accordingly, Defendant knew, or had reason to know that WSS' records routinely produce erroneous information. Despite this knowledge, Defendant failed to utilize sufficient procedures to ensure that the reported information is complete and up to date.

33. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## THIRD CAUSE OF ACTION

## (15 USC §1681i against Defendant Checkr, Inc. and Does 1-10)

34. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

35. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by failing to conduct a reasonable investigation.

36. To date, no updated report has ever been issued. Moreover, Defendant has never provided notice regarding its determination of the merits of Plaintiff's dispute as required by the FCRA.

37. Defendant willfully and/or recklessly ignored Plaintiff's dispute knowing full well that it will result in the deprivation of Plaintiff's valuable employment opportunity.

38. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violated the statutes as specified above;

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of suit;

f. For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: July 6, 2020

DEVIN H. FOK ESQ.
**DHF LAW, P.C.**

By: ______________________

Devin H. Fok
Attorney for Plaintiff

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Devin H. Fok (SBN # 256599) DHF Law, P.C.
16 N. Marengo Ave., Suite 403
Pasadena, CA 91101

TELEPHONE NO.: (310) 430-9933 FAX NO. (Optional): (818) 484-2023
ATTORNEY FOR (Name): Megan Rush

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
JUL 0 8 2020
CLERK OF THE COURT
BY: [signature] Deputy Clerk
ANGELICA SUNGA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Rush v. Checkr

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CGC-20-585331
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: (3)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: July 7th, 2020

(TYPE OR PRINT NAME) ▶ dhf (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **DEC-09-2020**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CHECKR, INC.; and DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

MEGAN RUSH, individually,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse
400 McAllister St.
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):*
CGC-20-585331

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin Fok, Esq., DHF Law, P.C., 16 N. Marengo Avenue, Pasadena, CA 91101, 310-430-9933

DATE: *(Fecha)* JUL 10 2020 July 7, 2020 **Clerk of the Court** Clerk, by *(Secretario)* ANGELICA SUNGA, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served

BY FAX

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of (specify):

under: [x] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
**DHF Law, PC**
16 North Marengo Avenue
Suite 403
Pasadena, CA 91101
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff

ELECTRONICALLY
FILED
*Superior Court of California, County of San Francisco*
09/08/2020
Clerk of the Court
BY: ERNALYN BURA
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

MEGAN RUSH, individually,

Plaintiff(s),

vs.

CHECKR, INC., WHOLESALE SCREENING INC., and DOES 1-10 inclusive,

Defendants.

CASE NO.: CGC-20-585331

**INDIVIDUAL AND CLASS COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff MEGAN RUSH (hereafter "Plaintiff") files her Complaint against Defendant CHECKR, INC., a foreign corporation doing business in California (hereafter as "Checkr"); Defendant WHOLESALE SCREENING SOLUTIONS LLC, a foreign corporation (hereafter as "WSS") and DOES 1-10 inclusive (hereafter all collectively "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising out of an erroneous background check report issued by Checkr causing Plaintiff to lose her employment opportunity.

2. On or about March 23, 2020, Checkr furnished an employment background check report to Plaintiff's prospective employer.

3. The report disclosed a May 7, 2019 misdemeanor theft charge stating that Plaintiff has a warrant for her arrest.

4. In fact, the warrant was recalled on November 12, 2019 and the case was dismissed on the same date.

5. Plaintiff was never prosecuted for the crime.

6. In furnishing its reports, Checkr never obtained criminal history information directly from the courthouse. Rather, it purchased the information second-hand from a criminal records wholesaler called Wholesale Screening Solutions ("WSS").

7. WSS' records appear to be incomplete and outdated by at least 6 months. It does not disclose any disposition other than a warrant was issued. It does not disclose that the warrant had been recalled and the case had been dismissed more than 6 months ago.

8. Nevertheless, WSS' own records disclosed that the warrant was not active.

9. Nevertheless, this was never communicated on Checkr's report and that any employer reviewing the report can be misled into believing that there is an active warrant out for Plaintiff's arrest.

10. More egregiously, Checkr ignored Plaintiff's dispute and never issued an updated report. To date, Plaintiff has never been hired her by prospective employer.

11. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681e(b), Defendants were required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Simply purchasing second-hand criminal history information which had been outdated by more than 6 months is a clear violation of this statute.

12. In addition, when disclosing criminal records for employment purposes, a background check company is further required to use ***strict procedures*** to ensure that the reported information is complete and up to date.

13. The background check report which fails to disclose the current disposition of "dismissed" is not complete and not up-to-date.

14. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

15. The Plaintiff, Megan Rush, is a resident of the County of Mecklenburg County, Charlotte, North Carolina. She is a "consumer" as per 15 U.S.C. §1681a(c).

16. Checkr, Inc., is a Delaware Corporation with its principal of place in San Francisco, California. It is a "Consumer Reporting Agency" within the meaning of 15 U.S.C. §1681a(f) because it is a "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties,

and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing ***consumer reports***." (Emphasis added).

17. The background screening report generated by Checkr on the Plaintiff is a "Consumer Report" within the meanings of 15 U.S.C §1681a(d). A "Consumer Report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, ***character, general reputation, personal characteristics, or mode of living*** which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for….employment." (Emphasis added).

18. Wholesale Screening Solutions LLC or WSS, is a corporation headquartered at Purcellville, Virginia. It is also a "Consumer Reporting Agency" within the meaning of 15 U.S.C. §1681a(f) because it is a "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing ***consumer reports***." (Emphasis added).

19. The Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

20. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

21. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FACTS

22. On or about March 23, 2020, Checkr furnished a background check report or Consumer Report to Plaintiff's prospective employer.

23. The report disclosed a May 7, 2019 misdemeanor theft charge stating that Plaintiff has a warrant for her arrest. *See* **Exhibit 1** Page 4**.**

24. In fact, the warrant was recalled on November 12, 2019 and the case was dismissed on the same date. The Plaintiff was never prosecuted for the crime. *See* **Exhibit 2** (Minutes Report, 19th Judicial District Court)

25. In furnishing its report, Checkr never obtained criminal history information directly from the courthouse. Rather, it purchased the information second-hand from its vendor, Wholesale Screening Solutions or WSS, a criminal records wholesaler.

26. WSS' records itself appear to be incomplete and outdated by at least 6 months.

27. Moreover, WSS' own records disclosed that the warrant was not active. *See* **Exhibit 3.**

28. Nevertheless, this was never disclosed on Defendant Checkr's consumer report and that any employer reviewing the report can be misled into believing that there is an active warrant out for Plaintiff's arrest.

29. More egregiously, Defendant Checkr ignored Plaintiff's dispute and never issued an updated report. To date, Plaintiff has never been hired by prospective employer.

30. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681e(b), Defendant Checkr was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Simply purchasing second-hand criminal history information which had been outdated by more than 6 months is a clear violation of this statute.

31. In addition, when disclosing criminal records for employment purposes, a background check company is further required to use ***strict procedures*** to ensure that the reported information is complete and up to date. 15 USC §1681k(a)(2).

32. The background check report by Defendant Checkr which fails to disclose the current disposition of "dismissed" is not complete and not up to date.

## CLASS ACTION ALLEGATIONS AGAINST WSS

33. The Plaintiff pleads the following class action claim against WSS, on behalf of herself and the Class defined below:

> **Claim No. 4:** Selling criminal history information relating to the consumer where there is no final disposition of conviction or dismissal and with no future court date stated.

34. The Plaintiff asserts the above Claim on behalf of herself and the "***Incomplete Records Class***" defined as follows:

1. All consumers for whom WSS, in the five years predating the filing of this Complaint and continuing through the date the class list is prepared, sold a consumer report information to where no final disposition of a criminal charge was disclosed and no future court date stated.

35. Numerosity: The Class is so numerous that joinder of all class members is impracticable. WSS, regularly sells consumer information that are inaccurate, incomplete and not updated.

36. Typicality: Plaintiff's claims are typical of the members of the Class. WSS routinely sells consumer report information to CRAs to be used in background check reports generated for employment purposes and typically includes inaccurate information as well as public records information which is incomplete and not updated. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and WSS treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

37. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex class action litigation.

38. Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a) Whether WSS furnishes criminal records information to CRAs to be used in the preparation and sale of consumer reports by CRAS to potential Employers;
b) Whether WSS violated the FCRA by furnishing inaccurate, incomplete and outdated criminal records information as prohibited by the FCRA;
c) Whether WSS knew or had reasonable cause to believe that the criminal records information furnished by it is inaccurate, incomplete, and not up-to-date;
d) Whether the WSS' violations of the FCRA were willful;
e) The proper measure of statutory damages; and
f) The proper measure of punitive damages.

39. This case is maintainable as a class action because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for WSS. Further, adjudication of each individual class member's claim as separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

40. Class certification is also appropriate because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. WSS's conduct described in this Class Action allegation stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning WSS's

practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

41. Plaintiff intends to send notice to all members of the Class to the extent required Rule 3.766 (a) of California Rules of Court. The names and addresses of the class members are available from WSS's records.

**FIRST CAUSE OF ACTION**

**(15 USC §1681e(b) against Checkr, Inc. and Does 1-5)**

***(Plaintiff individually, and on behalf of herself)***

42. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

43. Checkr willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information that it purchased second-hand from a criminal records wholesaler.

44. Checkr's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information is insufficient to ensure maximum possible accuracy of the criminal history information reported.

45. Moreover, the Plaintiff is informed, and believes, and thereon alleges that Checkr exclusively purchases criminal history information from WSS for the relevant jurisdiction and that it knew, based on complaints of accuracy of prior consumers that the information sold by WSS was not accurate, complete, or up-to-date.

46. Plaintiff is informed, and believes, and thereon alleges that Checkr failed to sufficiently conduct audits, reviews, or quality control of the information it purchases from WSS despite numerous complaints.

47. Accordingly, Checkr knew, or had reason to know that WSS' records routinely produce erroneous information. Despite this knowledge, it failed to utilize sufficient procedures to ensure the maximum possible accuracy of the information reported.

48. Checkr's willful and/or reckless violation of the statute entitles Plaintiff actual damages, attorney's fees as well as statutory penalties.

49. Alternatively, Plaintiff alleges that Checkr's violations were negligent.

**SECOND CAUSE OF ACTION**

**(15 USC §1681k(a)(2) against Checkr, Inc. and Does 1-5)**

***(Plaintiff individually, and on behalf of herself)***

50. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

51. Checkr willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information that it purchased second-hand from a criminal records wholesale.

52. Checkr's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information is insufficient to ensure that the reported information is complete and up to date.

53. Moreover, Plaintiff is informed, and believes, and thereon alleges that Checkr exclusively purchases criminal history information from WSS for the relevant jurisdiction and that it knew, based on complaints of accuracy of prior consumers that the information sold by WSS was not accurate, complete, or up-to-date.

54. Plaintiff is informed, and believes, and thereon alleges that Checkr failed to sufficiently conduct audits, reviews, or quality control of the information it purchases from WSS despite numerous complaints.

55. Accordingly, Checkr knew, or had reason to know that WSS' records routinely produce erroneous information. Despite this knowledge, it failed to utilize sufficient procedures to ensure that the reported information is complete and up to date.

56. Checkr's willful and/or reckless violation of the statute entitles Plaintiff actual damages, attorney's fees as well as statutory penalties.

57. Alternatively, Plaintiff alleges that Defendant Checkr's violations were negligent.

**THIRD CAUSE OF ACTION**

**(15 USC §1681i against Checkr, Inc. and Does 1-5)**

***(Plaintiff individually, and on behalf of herself)***

58. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

59. Checkr willfully and/or recklessly violated the above-referenced sections of the FCRA by failing to conduct a reasonable investigation.

60. To date, no updated report has ever been issued. Moreover, Checkr has never provided notice regarding its determination of the merits of Plaintiff's dispute as required by the FCRA.

61. Checkr willfully and/or recklessly ignored Plaintiff's dispute knowing full well that it will result in the deprivation of Plaintiff's valuable employment opportunity.

62. Checkr's willful and/or reckless violation of the statute entitles Plaintiff actual damages, attorney's fees as well as statutory penalties.

63. Alternatively, Plaintiff alleges that Defendant Checkr's violations were negligent.

**FOURTH CAUSE OF ACTION**

**(15 USC §1681k(a)(2) against WSS and Does 6-10)**

***(Plaintiff on behalf of herself and the Incomplete Records Class)***

64. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

65. WSS willfully and/or recklessly violated the above-referenced sections of the FCRA by selling consumer reports that are inaccurate by virtue of the fact that the reports are incomplete and outdated.

66. WSS is one of the largest wholesalers of criminal records information. It routinely sells criminal records information to CRAs nationwide.

67. On their website they claim that "as a wholesale provider of criminal records research, civil records, and verifications, we offer research and background data you can trust."[1]

68. They further claim that their success stems from "strict quality control practices of our local onsite researchers who obtain records directly from the authoritative source."

69. Despite such claims, in this case, they furnished inaccurate, incomplete and obsolete criminal record information about the Plaintiff and other Class members.

70. WSS's violation was willful and/or reckless because their information routinely did not include the final disposition of a case.

71. Any reasonable person would know that issue of an arrest warrant is not a final disposition of the case. This is particularly so where the arrest warrant is not listed as "active" in WSS' own system and that no future court date is found. A warrant that is not listed as "active" must mean that it has been recalled. This clearly means that the case was not pending and that the final disposition of the case must be ascertained.

[1] https://www.wholesalescreening.com/about/ (last visited on 08/07/2020)

72. Disclosure of criminal history information with no final disposition of either "dismissed" or "guilty/convicted" is a serious problem that is foreseeable and easily preventable. For example, any record within its database that does not have any such disposition and does not have a future court date should be flagged and should not be reported unless strict procedure is utilized to ensure that the information is complete and up-to-date.

73. Further, despite the clear and unambiguous statutory text in this regard and there being a depth of guidance about the policies and procedures they need to follow, they furnished inaccurate, incomplete and outdated criminal records information. By doing so, WSS voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

74. WSS's willful and/or reckless violation of the statute entitles Plaintiff and the members of the *Incomplete Records Class* to statutory penalties of $100 to $1,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment against Defendants, and each of them, as follows:

a. Determining that this action may proceed as an individual complaint against Checkr and as a class action against WSS.;

b. Designating Plaintiff as representative for the Class and designating Plaintiff's Counsel as counsel for the Class;

c. Issuing proper notice to the Class at WSS's expense;

d. For a declaration that both the Defendants' practices violated the statutes as specified above;

e. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

f. For interest upon such damages as permitted by law;

g. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

h. For the costs of suit;

i. For injunctive relief as applicable; and

j. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby request and demand a jury trial on all issues triable by jury.

DATED: September 8, 2020

DEVIN H. FOK ESQ.

**DHF LAW, P.C.**

By: __________________________

Devin H. Fok

Attorney for Plaintiff

ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
BRIDGET O'HARA, Bar No. 313945
bohara@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
CHECKR, INC.

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
11/12/2020
Clerk of the Court
BY: VANESSA WU
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

MEGAN RUSH, individually,

Plaintiff(s),

v.

CHECKR, INC., WHOLESALE SCREENING INC., and DOES 1-10 inclusive,

Defendant(s).

Case No. CGC-20-585331

**DEFENDANT CHECKR, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT**

Complaint Initially Filed: July 8, 2020

First Amended Complaint Filed: September 8, 2020

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.

DEFENDANT CHECKR, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

Defendant Checkr, Inc. ("Defendant" or "Checkr"), through its undersigned counsel, answers the unverified First Amended Complaint ("Complaint" or "FAC") of Plaintiff Megan Rush ("Plaintiff").[1]

**GENERAL DENIAL**

1. Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers Plaintiff's unverified Complaint by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct additional defenses.

**ADDITIONAL DEFENSES**

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer to assert all such further defenses.

**FIRST DEFENSE**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or negligently fail to comply with the federal Fair Credit Reporting Act ("FCRA").

**THIRD DEFENSE**

3. Plaintiff's claims for statutory damages and punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the

[1] By submitting this filing, Defendant does not concede this Court has subject matter jurisdiction. Defendant reserves all arguments, objections and defenses.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

DEFENDANT CHECKR, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

corresponding provisions of state law because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant's property which is unjustified by any rational governmental interest; and/or (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process.

**FOURTH DEFENSE**

4. Plaintiff's claims are barred in whole or in part because Plaintiff did not suffer any cognizable injury or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

**FIFTH DEFENSE**

5. Defendant alleges that Section 616 of the FCRA (15 U.S.C. § 1681n) is unconstitutionally vague and ambiguous and unjustifiably arbitrary.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred, in whole or in part (including but not limited to for lack of jurisdiction or venue) to the extent that Plaintiff or any members of the putative class are bound to arbitrate their claims, including that they are bound to arbitrate their claims on an individual basis. This may include, for instance, where Plaintiff or members of the putative class signed a binding arbitration agreement with Checkr, with a third-party, or with both.

**SEVENTH DEFENSE**

7. Defendant alleges that it has maintained reasonable procedures to comply with applicable law at all times relevant to Plaintiff's Complaint, it complied with the FCRA in the handling of Plaintiff's reports and disputes, and is therefore entitled to each and every defense stated in and available under the FCRA and to all limitations of liability.

**EIGHTH DEFENSE**

8. Plaintiff's claims are excluded from coverage by Section 607 of the FCRA (15 U.S.C. § 1681e) to the extent that Defendant prepared any background reports in connection with an investigation of compliance with federal, state or local laws and regulations or any of Defendant's customers' pre-existing policies (15 U.S.C. § 1681a(y)).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**NINTH DEFENSE**

9. Assuming Plaintiff suffered or sustained any loss, damage or injury, which Defendant specifically denies, such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiff complains. Plaintiff's damages, if any, as against Defendant, must therefore be reduced by the proportion of fault attributable to such third parties, and to the extent that this is necessary, Defendant may be entitled to partial indemnity from such third parties on a comparative fault basis.

**TENTH DEFENSE**

10. All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation and the doctrine of avoidable consequences and all similar and equivalent doctrines.

**ELEVENTH DEFENSE**

11. Defendant alleges that Plaintiff's Complaint is barred in whole or in part to the extent Plaintiff failed to comply fully or at all with procedures available and/or required under the FCRA to address Plaintiff's concerns and/or otherwise failed to take reasonable steps to avoid harm.

**TWELFTH DEFENSE**

12. Plaintiff's claims are barred, in whole or in part, because she lacks Article III standing and/or because individuals covered by her putative class definitions lack Article III standing, statutory standing, or were not in the zone of interests Congress intended to protect in enacting the FCRA.

**THIRTEENTH DEFENSE**

13. Plaintiff's claims are barred because under the circumstances of this case, 15 U.S.C. § 1681e(b), 1681k and/or 1681i would be unconstitutional as applied to Plaintiff and/or the putative class members under the First Amendment to the U.S. Constitution.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**FOURTEENTH DEFENSE**

14. Plaintiff's suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the FAC; (c) common issues of fact or law do not predominate – to the contrary, individual issues predominate as to liability and separately as to the alleged damages; (d) Plaintiff's claims are not representative or typical of the claims of the putative class; (e) Plaintiff is not a proper class representative for the putative class; (f) Plaintiff cannot fairly and adequately represent the interests of the putative class; and (g) Plaintiff and the counsel for the putative class are not adequate representatives for the putative class. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts each and every defense set forth herein against each and every member of the certified class.

**FIFTEENTH DEFENSE**

15. Plaintiff's claims are barred, in whole or in part, because Checkr's communications of information concerning Plaintiff and/or putative class members were not "consumer reports," or fell within a statutory exception to the definition of "consumer report" found in the FCRA (*see, e.g.*, 15 U.S.C. § 1681a(y)).

**SIXTEENTH DEFENSE**

16. Certification of a class, and the adjudication of the claims of the putative class through generalized class-wide proof, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's right to trial by jury and to substantive and procedural due process. *See, e.g., Wal-Mart v. Dukes* (2011) 131 S. Ct. 2541.

**SEVENTEENTH DEFENSE**

17. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's or the putative class members' pursuit of claims against Checkr or other third-parties in other actions, the resolution of those claims, or verdicts entered in those claims would result in more than one recovery for the same underlying injury or violate the "one satisfaction rule."

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendant's investigation is continuing, and it reserves the right to amend its Answer and to raise additional defenses that may arise during the course of the litigation.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff takes nothing by way of the Complaint;

3. That Defendant recover its attorney's fees, costs and disbursements in this action; and

4. For such other and further relief as the Court deems just and proper.

Dated: November 11, 2020

ROD M. FLIEGEL
BRIDGET O'HARA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
CHECKR, INC.

4810-7982-6895.2 091435.1079

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**POS-050/EFS-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME ROD M. FLIEGEL, SBN 168289 BRIDGET O'HARA, SBN 313945<br>FIRM NAME: LITTLER MENDELSON, P.C.<br>STREET ADDRESS: 333 Bush Street, 34th Floor<br>CITY: San Francisco STATE: CA ZIP CODE: 94104<br>TELEPHONE NO.: 415.433.1940 FAX NO.: 415.399.8490<br>E-MAIL ADDRESS: rfliegel@littler.com/bohara@littler.com<br>ATTORNEY FOR (*name*): Defendant CHECKR, INC. | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**11/12/2020**<br>**Clerk of the Court**<br>**BY: VANESSA WU**<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>STREET ADDRESS:<br>MAILING ADDRESS: 400 McAllister<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC., et al. | CASE NUMBER:<br>CGC-20-585331 |
| | JUDICIAL OFFICER: |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT: |

1. I am at least 18 years old.
   a. My residence or business address is *(specify):*
   333 Bush Street, 34th Floor, San Francisco, CA 94104

   b. My electronic service address is *(specify):*
   akawase@littler.com

2. I electronically served the following documents *(exact titles):*
   DEFENDANT CHECKR, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: 1) Devin H. Fok 2) H. Scott Kelly, David Anthony and Meagan Mihalko

   On behalf of *(name or names of parties represented, if person served is an attorney):*
   1) Plaintiff Megan Rush 2) Defendant Wholesale Screening Solutions, LLC

   b. Electronic service address of person served *:*
   1) devin@devinfoklaw.com 2) Scott.Kelly@troutman.com; David.Anthony@troutman.com; Meagan.Mihalko@troutman.com

   c. On *(date):* November 12, 2020

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: November 12, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Anne Kawase ▶ [signature]

(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)

4852-9618-4530.1 091435.1079

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

American LegalNet, Inc.
www.FormsWorkFlow.com

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

MEGAN RUSH

PLAINTIFF (S)

VS.

CHECKR, INC. et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-20-585331**

**Order Continuing Case Management Conference**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Dec-09-2020 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Jan-20-2021 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: NOV-19-2020

GARRETT L. WONG
JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on NOV-19-2020 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : NOV-19-2020 By: VANESSA WU

ROD M FLIEGEL (168289)
LITTLER MENDELSON, PC
333 BUSH STREET, 34TH FLR.
SAN FRANCISCO, CA 94104

DEVIN FOK (256599)
DHF LAW, PC
16 NORTH MARENGO AVENUE
SUITE 403
PASADENA, CA 91101

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Devin H. Fok, Esq. (#256599)
DHF Law, P.C.
16 North Marengo Avenue, Suite 403
Pasadena, CA 91101

TELEPHONE NO.: 888-651-6411 FAX NO. *(Optional)*: 818-484-2023
E-MAIL ADDRESS *(Optional)*: devin@devinfoklaw.com
ATTORNEY FOR *(Name)*: Megan Rush

*FOR COURT USE ONLY*

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**12/08/2020**
**Clerk of the Court**
**BY: VANESSA WU**
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: MEGAN RUSH
DEFENDANT/RESPONDENT: CHECKR, INC. et al

## CASE MANAGEMENT STATEMENT

CASE NUMBER: CGC-20-585331

*(Check one)*: [x] **UNLIMITED CASE** (Amount demanded exceeds $25,000) [ ] **LIMITED CASE** (Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: December 9, 2020 Time: 10:30 a.m. Dept.: 610 Div.: Room:
Address of court *(if different from the address above)*:

[ ] **Notice of Intent to Appear by Telephone, by** ***(name)*:**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [ ] This statement is submitted by party *(name)*: Plaintiff Megan Rush
   b. [ ] This statement is submitted **jointly** by parties *(names)*:
2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: July 8, 2020
   b. [ ] The cross-complaint, if any, was filed on *(date)*:
3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:
4. **Description of case**
   a. Type of case in [x] complaint [ ] cross-complaint *(Describe, including causes of action)*:
   Loss of employment as a result of Defendants' erroneous background check report.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: MEGAN RUSH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CHECKR, INC. et al | CGC-20-585331 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

[x] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   a. The party or parties request [x] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. [ ] The trial has been set for *(date):*
   b. [x] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. [x] days *(specify number):* 7 - 10 days
   b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial [x] by the attorney or party listed in the caption [ ] by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   [ ] Additional representation is described in Attachment 8.

9. **Preference**
   [ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel [x] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC. et al | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [x] | [x] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC. et al | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

11. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of PMK and relevant witnesses | per the CCP |
| Plaintiff | First Set of Written Discovery | per the CCP |
| Plaintiff | Second Set of Written Discovery | per the CCP |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC. et al | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

17. **Economic litigation**

a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

[ ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
On November 19, 2020 this Court continued the Case Management Conference set for December 9, 2020 to January 20, 2021.

b. [ ] After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 8, 2020

Devin H. Fok, Esq.
(TYPE OR PRINT NAME)

▶ dhf
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CHECKR, INC., WHOLESALE SCREENING INC., and DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

MEGAN RUSH, individually,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse
400 McAllister St.
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):*
CGC-20-585331

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Devin Fok, Esq., DHF Law, P.C., 16 N. Marengo Avenue Suite 403, Pasadena, CA 91101, (888) 651-6411

DATE: *(Fecha)* JAN 04 2021 CLERK OF THE COURT Clerk, by *(Secretario)* CAROLYN BALISTRERI , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO EUREKA

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of (specify):

under: [x] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

MEGAN RUSH

PLAINTIFF (S)

VS.

CHECKR, INC. et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-20-585331**

**Order To Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jan-20-2021 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Mar-09-2021 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) WHOLESALE SCREENING INC. as to first amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: JAN-05-2021

GARRETT L. WONG
JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-05-2021 I served the attached Order To Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : JAN-05-2021 By: VANESSA WU

ROD M FLIEGEL (168289)
LITTLER MENDELSON, PC
333 BUSH STREET, 34TH FLR.
SAN FRANCISCO, CA 94104

DEVIN FOK (256599)
DHF LAW, PC
16 NORTH MARENGO AVENUE
SUITE 403
PASADENA, CA 91101

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Devin H. Fok, Esq. (#256599)
DHF Law, P.C.
16 North Marengo Avenue, Suite 403
Pasadena, CA 91101

TELEPHONE NO.: 888-651-6411 FAX NO. *(Optional)*: 818-484-2023
E-MAIL ADDRESS *(Optional)*: devin@devinfoklaw.com
ATTORNEY FOR *(Name)*: Megan Rush

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**01/06/2021**
**Clerk of the Court**
BY: VANESSA WU
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: MEGAN RUSH
DEFENDANT/RESPONDENT: CHECKR, INC. et al

## CASE MANAGEMENT STATEMENT

CASE NUMBER: CGC-20-585331

*(Check one)*: [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000) [ ] **LIMITED CASE** (Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: December 9, 2020 Time: 10:30 a.m. Dept.: 610 Div.: Room:
Address of court *(if different from the address above)*:

[ ] **Notice of Intent to Appear by Telephone, by *(name)*:**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [ ] This statement is submitted by party *(name)*: Plaintiff Megan Rush
   b. [ ] This statement is submitted **jointly** by parties *(names)*:
2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: July 8, 2020
   b. [ ] The cross-complaint, if any, was filed on *(date)*:
3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:
4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(Describe, including causes of action)*:
   Loss of employment as a result of Defendants' erroneous background check report.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: MEGAN RUSH | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CHECKR, INC. et al | CGC-20-585331 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

[x] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

a. The party or parties request [x] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [x] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. [x] days *(specify number):* 7 - 10 days

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [x] by the attorney or party listed in the caption [ ] by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. E-mail address:

f. Fax number:

g. Party represented:

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [x] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC. et al | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

10\. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (*date*):<br>[ ] Agreed to complete mediation by (*date*):<br>[ ] Mediation completed on (*date*): |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (*date*):<br>[ ] Agreed to complete settlement conference by (*date*):<br>[ ] Settlement conference completed on (*date*): |
| (3) Neutral evaluation | [x] | [x] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (*date*):<br>[ ] Agreed to complete neutral evaluation by (*date*):<br>[ ] Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (*date*):<br>[ ] Agreed to complete judicial arbitration by (*date*):<br>[ ] Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (*date*):<br>[ ] Agreed to complete private arbitration by (*date*):<br>[ ] Private arbitration completed on (*date*): |
| (6) Other (*specify*): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (*date*):<br>[ ] Agreed to complete ADR session by (*date*):<br>[ ] ADR completed on (*date*): |

| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC. et al | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

11. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of PMK and relevant witnesses | per the CCP |
| Plaintiff | First Set of Written Discovery | per the CCP |
| Plaintiff | Second Set of Written Discovery | per the CCP |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: MEGAN RUSH<br>DEFENDANT/RESPONDENT: CHECKR, INC. et al | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
On November 19, 2020 this Court continued the Case Management Conference set for December 9, 2020 to January 20, 2021.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 6, 2020

Devin H. Fok, Esq.
(TYPE OR PRINT NAME)

▶ dhf
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Devin Fok (SBN #256599)
devin@devinfoklaw.com
**DHF Law, PC**
16 N. Marengo Ave. Suite 403
Pasadena, CA 91101
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff

ELECTRONICALLY
FILED
*Superior Court of California, County of San Francisco*
01/07/2021
Clerk of the Court
BY: CAROL BALISTRERI
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**SAN FRANCISCO COUNTY**

MEGAN RUSH, as an individual,
Plaintiff(s),

vs.

CHECKR, INC., WHOLESALE SCREENING INC., and DOES 1-10 inclusive,
Defendants.

CASE NO.: CGC-20-585331

**ATTACHMENT 4B TO CASE MANAGEMENT STATEMENT**

Plaintiff, Megan Rush (hereafter "Plaintiff"), files her attachment 4B to case management statement filed on January 6th, 2021 and alleges as follows:

ATTACHMENT 4b TO CASE MANAGEMENT STATEMENT

Plaintiff reached a settlement with Defendant Checkr on all her individual causes of action against it. There remains a class action allegation for violation of 15 USC section 1681k(a)(2) against Defendant Wholesale Screening Solutions LLC (hereinafter "WSS") who is currently being served.

Plaintiff and the putative class seek actual damages as well as statutory penalties against WSS for its failure to comply with Federal background check laws by selling consumer criminal history information where there is no final disposition of a criminal charge and with no future court date stated. As a result, an erroneous background check report disclosing a May 7, 2019 misdemeanor theft charge stating that Plaintiff has a warrant for her arrest was issued. In fact, the warrant was recalled on November 12, 2019 and the case was dismissed on the same day. Plaintiff was never prosecuted for the crime. As a result, Plaintiff was never been hired by her prospective employer.

Dated: January 7, 2021

DHF LAW, PC

By: */S/ Devin H. Fok*
Devin Fok
Attorney for Plaintiff

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Devin Fok, 256599 DHF Law, P.C. 234 E. Colorado Blvd., 8th Floor Pasadena, CA 91101 TELEPHONE NO.: 310-430-9933 ATTORNEY FOR (Name): Petitioner | FOR COURT USE ONLY ELECTRONICALLY **FILED** *Superior Court of California, County of San Francisco* **01/13/2021** **Clerk of the Court** **BY: YOLANDA TABO-RAMIREZ** **Deputy Clerk** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Superior Court of California, San Francisco County 400 McAllister Street San Francisco, CA 94102 | |
| PLAINTIFF/PETITIONER: Megan Rush, an individual DEFENDANT/RESPONDENT: Wholesale Screening Solutions, LLC, et al | CASE NUMBER: CGC-20-585331 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, INDIVIDUAL AND CLASS COMPLAINT FOR DAMAGES, Exhibit 1, Exhibit 2, Exhibit 3

3. a. Party served: Wholesale Screening Solutions, LLC

   b. Person Served: Rene Nordquist - Authorized Agent - Person Authorized to Accept Service of Process
4. Address where the party was served: 100 Shockoe Slip, 2nd Floor
   Richmond, VA 23219
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/07/2021 (2) at (time): 1:36PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

Wholesale Screening Solutions, LLC
under: Other: Limited Liability Company

7. **Person who served papers**
   a. Name: Michael Beasley
   b. Address: One Legal - P-000618-Sonoma
   1400 North McDowell Blvd, Ste 300
   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 145.00
   e I am:
   (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 01/08/2021

Michael Beasley
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 15686645

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 256599
NAME: Devin H. Fok
FIRM NAME: DHF Law
STREET ADDRESS: 16 N. Marengo Ave. Suite 403
CITY: Pasadena STATE: CA ZIP CODE: 91101
TELEPHONE NO.: (888) 651-6411 FAX NO.: (818) 484-2023
E-MAIL ADDRESS: devin@devinfoklaw.com
ATTORNEY FOR (Name): Megan Rush

FOR COURT USE ONLY

ELECTRONICALLY
FILED
*Superior Court of California, County of San Francisco*
01/22/2021
Clerk of the Court
BY: VANESSA WU
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

Plaintiff/Petitioner: Megan Rush
Defendant/Respondent: Civic Center Courthouse

## REQUEST FOR DISMISSAL

CASE NUMBER: CGC-20-585331

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice (2) [ ] Without prejudice
   b. (1) [x] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name)*: on *(date)*:
   (4) [ ] Cross-complaint filed by *(name)*: on *(date)*:
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other *(specify)*:* All causes of action against Checkr, Inc. only

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [x] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 01-21-21
Devin H. Fok
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ dhf
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[x] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date: 01-21-21
Devin H. Fok
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ dhf
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[x] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*

4. [ ] Dismissal entered as requested on *(date)*:
5. [ ] Dismissal entered on *(date)*: as to only *(name)*:
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify)*:

DISMISSAL ENTERED
01/22/2021
By: VANESSA WU
Deputy Clerk

7. a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed [ ] means to return conformed copy

Date: Clerk, by ______________________, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

CIV-110

| Plaintiff/Petitioner: Megan Rush<br>Defendant/Respondent: Civic Center Courthouse | CASE NUMBER:<br>CGC-20-585331 |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* Yes No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) ▶ (SIGNATURE)